The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez, oyez, oyez, all persons heading in any manner or form of business before the Honorable, the United States Court of Appeals for the Fourth Circuit, are admonished to draw an eye and give their attention. For the Court is now sitting. God save the United States and this Honorable Court. Thank you. You may be seated. Ms. Skinner, whenever you're ready. May it please this Honorable Court, my name is Gwen Skinner and I represent the appellate plaintiff, Mr. Ameur, in this matter. I would like to spend the majority of my time focusing on the two primary issues in this preclude any judicial forum for Mr. Ameur's constitutional and federal claims, leaving him without any judicial or any other remedy for his alleged egregious violations of the United States Constitution and customary international law as it's incorporated into federal common law. And secondly, whether the United States properly substituted itself for the defendants in regard to the Alien Tort Statute claims, focusing primarily on the argument that violations of customary international law, alleged violations of customary international law, are per se outside the scope of the defendants official employment and authority. Whether it's federal common law or state respondent law that's applied. However, it is our position that the Court must address the first question first. For if it does not have jurisdiction to hear any claims, the latter question, as with regard to all the other questions in this matter, are mute. With regard to the Military Commission Act, in particular 28 U.S.C. 2241E2, it is unconstitutional if it precludes any judicial forum, in particular for a constitutional claim. But before the Court can get to that, the Court must first address the argument raised by the defendants and adopted by the Ninth Circuit in Hamad v. Gates that because Mr. Bivens' claim and because he has not constitutionally guaranteed these monetary damages, he cannot even raise that argument. In making this argument, defendants and the Ninth Circuit, respectfully, are, in the words of this Court in Palmer v. City of National Bank, quoting Plyer v. Moore, confusing access to the courts with the scope of the remedy. In other words, it may be that a court will ultimately find that Mr. Amir is not entitled to a specific remedy, either because of special factors, counseling hesitation, or for some other reason. But that's a different issue. The issue here is whether or not he is entitled to have a judicial forum, whether it's state or federal, to consider his claims. The Military Commission Act- Is there any court that has agreed with you under the analysis of the Military Commissions Act? It seems like you're sort of a lone ranger now in this case discussion. Well, the District Judge in the Western District of Washington in the Hamad v. Gates case did find that the Military Commissions Act did not preclude Mr. Hamad in that case from bringing his claims. She found particularly- The Ninth Circuit reversed that, right? Pardon? The Ninth Circuit did reverse that issue, Your Honor. Yes. So do you have any case support outstanding now that's viable, do you think, on the Military Commissions Act issue? Not on the Military Commission Act issue in particular, although as we argued to this court and as we've argued in the Hamad case, the District Judge and actually the Ninth Circuit appeals neither got to the issue with regard to whether the Military Commission Act was constitutional with regard to whether or not it could preclude all judicial forum. The Ninth Circuit relied on this argument that because he doesn't have- he's not constitutionally entitled to damages, we don't even get there. That's how the court avoided the issue. And I'm respectfully submitting that the Ninth Circuit got it wrong, Your Honor, that it's important to understand that the Military Commission Act doesn't limit the remedy. It doesn't say we're not going to allow these men to have a remedy. It limits jurisdiction for a court to even hear his claims at all. It's a threshold issue and we submit that the Ninth Circuit got that wrong. We do believe that this court, in the first instance, the court under Bartlett v. Bowen and many other cases, the court should first try to avoid the issue of whether or not a jurisdiction stripping provision precludes any judicial review. The court can avoid that issue by finding that the Supreme Court in Boumediene struck down Section 7 in its entirety, which the Supreme Court specifically states, or the court could find that the Military Commission Act, Section E2, allows at a minimum constitutional claims. If the court decides that, like the Supreme Court did in Boumediene, that it has to get to the issue of whether or not the Congress can preclude, can strip all courts, all federal courts, all federal appellate courts, all state courts, from jurisdiction to hear a constitutional claim, then the court should find that it cannot do that, that it's a violation of the separation of powers and violation of due process. I would just note that Bivens recognized, quoting Marbury v. Madison, that violation of a right, that with a violation of a right there must be a remedy, and in our judicial system that remedy has typically been monetary damages, although it's not the only remedy. And keep in mind that the complaint in this case asks not just for monetary damages, but also for any other relief at the court. What other relief do you propose? Well... Yeah, I couldn't come up with one. The court could make a declaration, declaratory relief, saying that it was a violation of his rights under the Constitution of Guantanamo Bay, but I do recognize, Your Honor, that monetary damages is likely the only damages that are available to him. And in fact, the Supreme Court in Bivens recognized that typically it will be monetary damages that exist to remedy a violation, but someone in Mr. Muir's situation is unlikely to get some sort of an injunction, injunctive relief, usually the harm has already happened. And it's important to understand, too, that monetary... Did you plead any alternative forms of relief or identify those in the district court other than monetary damages? We pled other relief that the court deemed just and proper, but not any other specific relief. At the time we filed the case, he had been released, otherwise we may have asked for some sort of injunctive release at that point. It's also important to understand that the Bivens case and in awarding monetary damages, they're important not just because they're money, but because it is the way that we hold individual officers accountable. It's a statement by the court that there was a violation, and it is a way to hold officers accountable. Can you go back for just a second to your original point, which, as I take it, is even if we should conclude that there is no Bivens action, you think that you have a right to have some court to say that the court has jurisdiction, and therefore to reverse a dismissal for lack of jurisdiction. Is that what you're saying? Well, first of all, if the court has jurisdiction, that means that Mr. Hamad can potentially bring his alien tort statute claims as well, if the court ultimately agrees with us. But if the court doesn't, all you're left with is the Bivens. Well, we, of course, argue that he should be entitled to a Bivens remedy, because there aren't any special factors in the counseling application. But you know, we read the Supreme Court cases and the limitations that the present Supreme Court and its immediate predecessors have applied to Bivens remedies. And so I was trying to spin out your first argument, which I thought was that a court we should hold that there is jurisdiction here, even if we hold there is no Bivens action. I do believe that. That is what I'm saying, Your Honor, because I think this issue is greater than Mr. Amir. This issue is whether Congress can strip courts of jurisdiction completely to hear constitutional claims. So this particular issue— You don't think that Congress has done that in other instances? Well, every single time that I can tell from the research I've done, the Supreme Court has always avoided the question by finding that the statute at issue doesn't preclude constitutional questions. It is an open question before any appellate court, for that matter, and the Supreme Court. Well, of course, the client does have a remedy. His remedy is habeas. That is true, Your Honor. But it's important to note he never actually had his habeas hearing in this matter. Well, but that doesn't make—we're talking about—and I thought you were just talking about instances going forward for other folks. Their remedy is habeas. Their remedy would be habeas for other folks, but again, that's assuming that they're not held for six years, you know, and have some sort of, you know, process that meets due process. But going forward, you're right. Other individuals could have habeas would be their remedy if they're held unconstitutionally. The only reason that he doesn't have habeas right now is because he's got now. After six years. That's right, Your Honor. Two weeks before the government was supposed to file their factual reasons as to why he was being held. But I think it's, you know, from my client's perspective, he suffered for six years. He was an innocent refugee. He gets his back entitled to monetary damages. That's right. But, you know, I guess I would say that this court should take on this question about whether Congress can strip the federal courts from jurisdiction. I'll save my other argument for rebuttal. Thank you. Okay. Ms. Foster? May it please the court, Sidney Foster for the defendants. Your Honors, as plaintiff's counsel noted, if this court rules in favor of the defendants on the jurisdictional ground, it doesn't need to reach any of the other issues presented in this case. And we think that this court should join the D.C. and Ninth Circuits in ruling in favor of the defendants on that ground. This case is materially, materially identical to the Al-Zahrani and Al-Janko cases in the D.C. circuits and the Hamad case in the Ninth Circuit. And both of those courts held that the actions in question were barred by 28 U.S.C. 2241 E.2. And the courts also rejected arguments that are similar to the ones asserted here about the validity and constitutionality of Section 2241 E.2. We think this court should reach the same result. Can you tell me, just as a factual matter, this gentleman was determined to be eligible for release and the government waited three years to return him to Algeria? Your Honor. Do you know why that is so? That's not in the record. Of course, the record here just – Do you know why it's so? What's that? Do you know why it is so? Well, I can tell you as a general matter, he was determined to be eligible for release by an administrative review board. Those boards were designed to evaluate whether individuals who were lawfully detained as enemy combatants should be transferred as a matter of the executive's discretion to transfer a detainee early before the end of hostilities because of, you know, for example, the kind of threat that was posed and so forth. As a general matter, once a determination was made that a detainee could be transferred, then there needed to be subsequent, you know, diplomatic discussions between the United States and the transferee country. Sometimes there needed to be agreement on the terms of the transfer and sometimes particular conditions were required to be put in place in the transferee country to make sure that the detainee wouldn't, you know, go back to the battlefield and so forth. The record doesn't reveal anything about what in particular happened in this case, but that process is, that's how that process works generally and it does take some time. But again, that wasn't a determination that he wasn't lawfully detained. It wasn't the executive's determination on that point. I just want to address the plaintiff's arguments about the constitutionality of 2241E2. I'm happy to address the arguments about whether it continues to be valid after this court's decision in Boumediene, but I think it's quite clear from the Supreme Court's decision in Boumediene that it did not strike down 2241E2. And I think as the Ninth Circuit explained very thoroughly, 2241E2 is severable from 2241E1. I'm happy to address those arguments, though, in more detail if this court has questions about them. But I'd like to focus on the argument that a plaintiff was making about the constitutionality of Section 2241E2. The Ninth Circuit and the D.C. Circuit both did get it right that this statute is constitutional. The plaintiff here can only challenge the statute as applied to him and the only relief that he was seeking in this case is damages. For the first time now ever in these proceedings, plaintiff is contending that he wasn't seeking only damages. No, no, no. He said, he briefly mentioned this in the brief. At least I thought he read that in the complaint. It says whatever other relief the court deems appropriate. But they can't come up with another. Right. And so ultimately that argument fails no matter what because there's simply no declaratory or injunctive relief that he would have standing to pursue at this point, particularly against individuals sued in their individual capacity, which is what we have at issue here. So this is just a damages action. And it is crystal clear from the Supreme Court's precedent and this court's precedent that there is no constitutional right to a damages remedy under any of the constitutional provisions that are invoked, separation of powers, right of access to the courts and so forth. We know that for a couple of reasons. We know that from the Supreme Court's Bivens case law, which has explained in no uncertain terms in Wilkie v. Robbins, that there is no automatic entitlement to a damages remedy even for constitutional violations and even when there are no other remedies that are made available. And as the Supreme Court has said time and time again, this court generally declines to extend Bivens remedies to new contexts. Would you respond to her argument that before you get to the question of remedy, you've got to determine the question of jurisdiction? Right.  The point isn't that there wouldn't be a Bivens remedy here if we were to engage in the Bivens analysis. Slow down just a little. I can't hear as fast as you talk. Sure. I'm sorry. The point of the argument and the point of the Ninth and the D.C. Circuit's analysis isn't that if we were to apply the Bivens analysis, we would come to the conclusion that no Bivens remedy would be applicable here, although we do think that that conclusion holds. The point is that the Bivens case law reflects the proposition that there is no constitutional right to a damages remedy. And courts, by the way, have recognized that principle in other contexts like the Seventh Circuit in Zaner and the Fifth Circuit, I think it was, in Harris. So the point is if we look at the Bivens remedy, the Bivens case law says that Bivens remedies should generally not be implied if either of two circumstances obtains. One is if special factors counsel hesitation in recognizing a Bivens remedy, and the underlying principle there is that there are certain contexts in which Congress should be the one to make the decision as to whether a damages remedy is appropriate. The other situation in which it's inappropriate to imply a Bivens remedy is if there exist alternate procedures that give rise to the inference that Congress has addressed the remedies that it thinks are appropriate and that courts should not then go out on their own and supplement those remedies. Implicit in both of those inquiries is the proposition that Congress can, in fact, bar damages remedies when it thinks that is appropriate. And in fact, Congress has done so in cases like Hoy that we cite in our brief. So that's the relevance of the Bivens case law. And that conclusion is reinforced by the Supreme Court's and this Court's immunity case law. If a plaintiff is seeking an injunction that the government cease and desist unconstitutional conditions of confinement, not that they be released, but that they cease and desist on that. Right. That's obviously a very different case than what we have here because all that the plaintiff is seeking here is damages. Would we have jurisdiction to hear that claim if that was the remedy being solved? Our position would be that there is no jurisdiction over that claim either, but this Court doesn't need to address that because it's barred by 2241E2. The analysis there would be different on this Court and it would be a more difficult question. This Court just doesn't need to get into kind of how the analysis would be applied to a situation like this when we know it's crystal clear that there is no constitutional right to a damages action. And that's all that we have right here. And that's the narrow question that this Court... Would I be correct that in essence the bottom line of your argument in rebuttal to the constitutional argument that the plaintiff raises is that as long as the claim made, the remedy sought for whatever right by the plaintiff is monetary damages, that Hamad and the DC Circuit cases settle the constitutional question. Is that the bottom line of your... That's right. That's right. Different questions might arise in a different case where injunctive or declaratory relief is sought and another Court can address those questions when they arise in those cases. Here what's being sought is a damages action and all that's being barred by this jurisdictional provision is the damages action. And so this Court can decide this case narrowly just as the Ninth and the DC Circuits decided the case narrowly as applied to the plaintiff here. Well, don't we... Aren't we obligated to construe complaints for the plaintiff when we're determining whether there's jurisdiction or not? That's true, but I don't think that... So she has... The plaintiff has pled any other relief that the Court deemed appropriate, so wouldn't the Chief Judge's alternative relief conceivably come within that category? There's simply no declaratory or injunctive relief that the plaintiff would have standing to pursue at this point. The plaintiff is not in detention anymore. The plaintiff has now been transferred to Algeria, so there's simply no... That's why this argument hasn't been made before and I don't think... Even if you construe the appellate briefs as having preserved this argument, I don't think that these arguments were made in the District Court, and so I think they were weighed for that reason as well. But it's simply hard to imagine what the declaratory or injunctive relief would be that the plaintiff would have standing to obtain, and particularly when a plaintiff is asking for this relief against individuals sued in their individual capacities. I don't know of even cases holding that declaratory or injunctive relief is available against defendants who are being sued in their individual capacities. It makes it even harder to imagine what would be made available in those circumstances. If I could change the emphasis for just a minute. As I understand it, the Supreme Court in Bowman v. Dean said that the suspension clause applies and that you couldn't constitutionally abolish the suspension clause authority. Correct. Can't you make an analogous argument that you can't constitutionally abolish due process rights? Are you going to the question about whether it was Bowman v. Dean clearly established that there are... No, no, no. I'm saying we have Bowman v. Dean on the books and we're now case number two. We're trying to determine, so in light of Bowman v. Dean, what does it say about the other part of the statute? And if Bowman v. Dean says, okay, you can't unconstitutionally, it doesn't touch the second part of the statute or this other part, I've forgotten what subsections they are. But if we reason from Bowman v. Dean, why wouldn't that work? Why wouldn't that apply? We know for sure that there's no constitutional right to a damages action. So even if we think that the Constitution applies with full force at Guantanamo and all of our arguments about the constitutionality of 2241E2 are predicated on the assumption, okay, let's assume that the Constitution applies at Guantanamo. Even if that's so, we know for sure from the Supreme Court's Bivens and immunity case law that there is no constitutional right to a damages action. And so Bowman v. Dean's analysis with respect to habeas simply has no bearing on whether or not section 2241E2 is constitutional. Well, yeah, I think there are injunctive, you always go back to the damages, and I understand why you do that because that's sort of the easiest. We all know about Bivens cases and how rare they are, and that's just sort of your easiest way out. But what I'm trying to do is to probe where Bowman v. Dean goes in this case. It doesn't go as far as they would like it to go, but maybe it isn't quite as limited as you're saying it is, and that's what I'm trying to get at. And all you do is tell me about damages remedies. Well, Your Honor, I keep going back to that because that is the only relief that's being sought here, and Plaintiff's Counsel, I think, acknowledged that there's no specific declaratory or injunctive relief that could be pursued at this point, so this Court just simply doesn't need to get into those issues. American citizens aren't held at Guantanamo Bay, cannot be held at Guantanamo Bay, isn't that right? Currently, there are certainly no American citizens. I'm not sure. I think maybe at one time there was one or two, but I'm not sure about that, but currently there are none. I thought there was Supreme Court law that you couldn't do that. I'm not aware. You don't know one way or the other. Well, could you make an argument that this is a suspect classification that they're creating? In other words, they're picking out these aliens and treating them differently than the United States citizens? So that would be an equal protection type of argument, and that argument was also made in Hamad and was correctly rejected by the Court there. As the Court explained there, alien classifications by Congress are subject to rational basis review, and this statute easily passes rational basis review as the Ninth Circuit held in Hamad, and indeed, plaintiff doesn't even contend that it would fail under that very deferential standard. As the Ninth Circuit explained in Hamad, one possible rational basis is that the statute are not unduly chilled by the threat of damages actions filed by aliens, and so forth. As we explained, there are a lot of other possible rational basis, including, as this Court has held, legislatures can proceed incrementally and address the problem at hand without addressing all possible problems that might arise down the road. The problem at hand that Congress was trying to deal with was a flood of litigation that was being filed by the aliens detained as enemy combatants. There were a handful of citizens who were detained as enemy combatants, but the vast, vast majority were aliens, so Congress legitimately could address that problem at hand, which was the aliens filing the lawsuits without fully addressing any potential problems that could arise down the road with respect to citizens. So, there are numerous rational basis on which this statute could be upheld on equal protection grounds, and I'll note just to be clear, since the reply brief seemed to think that we had not addressed the access to the court's point, the access to the court's point was addressed by us in kind of our broader argument that there is no constitutional right to a damages action that disposes of the access to the court's point on its own, and footnote in our brief, we noted that this court and other courts have more broadly stated that the jurisdictional restrictions on a cause of action or substantive restrictions that are imposed by a legislature on the substantive relief that may be made available simply do not violate the right of access to the court, and that's in this court's cases in Palmer and Plyler and cases like the Seventh Circuit's case in Marajan, so the jurisdictional restriction here simply doesn't implicate that right. It follows that rational basis review is appropriate, and that's precisely the approach that this court took in Palmer and Plyler. The court has no further questions. We would ask the court to affirm. Thank you. Thank you. I'd like to reply to a couple arguments that the defendant's counsel made. First, we've argued below and continue to argue, and I would stand on my reefs in the argument that the access to the court is a fundamental right. This court's circuit court said this very thing in the Palmer case, and therefore strict scrutiny should be applied to the MCA 2241E2. In addition, we've made arguments that it's an unlawful bill of attainder and other various arguments about why 2241E2 cannot stand. I would just like to go back and reiterate the argument that defendants are confusing the scope of the remedy with jurisdiction of this court. Again, Congress could have said, we're not going to allow these men to have a monetary damages remedy or a Bivens remedy. That's not what they did. They tried to completely prohibit any court, any judicial fora for claims brought by these men, have a Guantanamo Bay, and again, under our complaint, which the court has to take as true, this is a man who is innocent, who was swept up by forces, never given the right of due process, and the fact that he was determined to be an enemy combatant under the Citizen Review Tribunals should not be given any weight to this court. Even the Supreme Court in Boumediene said that error could very well happen in those determinations given the lack of due process. I would also say that, again, if I could just move on to the issue, if it's okay with the substitution issue. I think you conceded in your opening remarks that if we did find under the Military Commissions Act that there was no jurisdiction, we would not reach the Westfall issues. That's correct, Your Honor. Yes, that's correct. But, of course, we do believe that you should find that MCE 2 is unconstitutional. If you decide not to avoid the issue by finding it doesn't preclude constitutional claims and strike it down in its entirety, then we would now be arguing the issue of proper substitution. Whether a federal common law applies, which we believe that it does, or state respondent superior law applies to the Westfall Act's scope of employment, this court has held that is because states cannot derogate from customary international law norms as a matter of both international and domestic law. Although Samantar dealt with foreign sovereign immunity under common law, the principles espoused by this court in that case and by other courts, the Ninth Circuit, for example, are not limited to foreign officials. It includes all officials and is true in both international and domestic law. As this court said repeatedly in Samantar, Hoos Kogan's violations are not legitimate official acts. The court went on to say that therefore there's no official foreign sovereign immunity, but the court said repeatedly that Hoos Kogan's violations are not legitimate official acts, that they're outside the scope of conduct. This also found in Samantar at page 778 that torture, prolonged arbitrary detention, among other violations were Hoos Kogan violations. Because no state can officially condone Hoos Kogan's acts, few would fall under official acts, as this court said at page 777. And again, this court held this is true as a matter of both international and domestic law. It's important to remember the facts alleged, all taken as true, that an innocent civilian, a refugee, a man determined to be a refugee by the United Nations, was swept up by Pakistani and U.S. officials. He was subjected to horrendous stress positions, beatings, touching of his genitals, forced standing, constant light and noise, let alone the fact that he was separated from his family for six years. He was never charged. He's never been charged. There was absolutely no process in place to determine who should have been held at Guantanamo Bay. There wasn't a process in place when he was turned over to Bagram. There wasn't a process in place to see if he should have been transferred to Guantanamo Bay. I respectfully ask that this court reverse the district court's decision that the MCA precludes plaintiff's claims and also respectfully ask this court to reverse the district court's decision that the United States was properly substituted for the defendants. Thank you. Thank you, Ms. Skinner. We'll come down and re-counsel and then take a short break.
judges: William B. Traxler, Jr., Diana Gribbon Motz, G. Steven Agee